IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MORAN INDUSTRIES, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | |
| MR. TRANSMISSION OF CHATTANOOGA, ) | |
| INC., RODNEY B. RANDALL, ) | |
| DAVID JASON RANDALL d/b/a ) | |
| JASON RANDALL'S TRANSMISSION ) | |
| SERVICE ) | |
| ) | |
| Defendants. ) | |

## CIVIL ACTION – COMPLAINT

1. Plaintiff, Moran Industries, Inc. ("Moran"), is an Illinois corporation with its principal place of business located at 4444 W. 147th Street, Midlothian, Illinois 60445.

2. Defendant, Mr. Transmission of Chattanooga, Inc. ("MTC"), is a Tennessee corporation with its principal place of business located at 2022 E. 23rd Street, Chattanooga, Tennessee 37404.

3. Defendant, Rodney B. Randall ("Rodney Randall") is an individual citizen and resident of the State of Tennessee, with an address of 1858 Rivergate Terrace, Soddy Daisy, Tennessee 37379.

4. Defendant, David Jason Randall ("Jason Randall"), is an individual citizen and resident of the State of Georgia, with an address of 430 Big Creek Lane, Ringold, Georgia 30736. Jason Randall does business as Jason Randall's Transmission Service ("JRT") with a principal place of business at 2022 E. 23 St., Chattanooga, Tennessee, 37404.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the parties and subject matter in this civil action pursuant to 28 U.S.C. § 1332(a) in that the parties are citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

6. Additionally, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 in that the action arises in part under the laws of the United States of America, specifically the Lanham Act, 15 U.S.C. §1051 *et seq.*

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## THE MR. TRANSMISSION FRANCHISE SYSTEM

8. At all times relevant, Moran was engaged in business as a franchisor of specialized transmission service centers known as "Mr. Transmission Service Centers."

9. Mr. Transmission is a retail store concept specializing in the installation and servicing of automobile transmissions, and sales of related products and services.

10. All Mr. Transmission shops are operated with standard formats, designs, systems, methods, specifications and procedures.

11. Moran owns the trademark, service mark and trade names "Mr. Transmission," "Multistate Transmission" and other related trademarks including service marks, trade names, trade dress, copyrights, labels, designs, symbols and distinctive logos (the "Proprietary Marks"). Moran's Proprietary Marks and Proprietary Materials constitute famous marks within the meaning of 15 U.S.C. § 1125(c).

12. The "Mr. Transmission" mark has been registered by Moran on the Principal Register of the United States Patent and Trademark Office at Registration No. 0917866, 2726414 and 2829274.

13. Moran uses, promotes, and licenses the service marks "Mr. Transmission," and associated logos and has developed a unique and particular plan of operation. The Proprietary Marks have been used exclusively by Moran and its franchisees in connection with the operation of Mr. Transmission Service Centers.

14. Moran's franchisees are also licensed to use Moran's proprietary business system, procedures, standards and specifications for operations, all of which are disclosed to Moran's franchisees in confidence through a proprietary operations manual (the "Operations Manual").

15. Moran's franchisees also participate in Moran's national warranty program, in which all franchisees are required to honor all valid Mr. Transmission warranties presented to them.

## RODNEY RANDALL'S FRANCHISE BUSINESS

16. On or around June 1, 1982, Rodney Randall entered into a franchise agreement with Mr. Transmission, Inc. (the "Randall Franchise Agreement") pursuant to which Rodney Randall obtained the right and undertook the obligation to operate a Mr. Transmission franchise for a term of 20 years, located at 2022 E. 23rd Street, Chattanooga, Tennessee 37404 (the "Franchise Business").

17. Rodney Randall, through MTC, commenced operation of the Franchise Business in June, 1982. At all times, MTC assumed all of Rodney Randall's obligations under the Randall Franchise Agreement and operated the Franchise Business as if it were a party to the Randall Franchise Agreement and intended to be bound thereby.

18. Upon information and belief, Rodney Randall is the sole shareholder of MTC.

19. On or about August 14, 1990, the Randall Franchise Agreement was assigned by Mr. Transmission, Inc. to Moran.

20. On August 14, 1999, Rodney Randall consented to the assignment of the Randall Franchise Agreement from Mr. Transmission, Inc. to Moran.

21. On or around June 25, 2002, Rodney Randall renewed the Randall Franchise Agreement with Moran for an additional 20 year term as a Mr. Transmission franchisee.

## THE RANDALL FRANCHISE AGREEMENT

22. Under Section 6 of the Randall Franchise Agreement, Rodney Randall agreed to and acknowledged that the use of any Proprietary Marks under Moran's trade operation belonged to Moran and that any use of those Proprietary Marks not in connection with a Moran operation was prohibited.

23. Under Section 10 of the Randall Franchise Agreement, Rodney Randall agreed to pay to Moran an ongoing weekly royalty fee equal to 7% of the gross receipts of the Franchise Business.

24. Under Section 11 of the Randall Franchise Agreement, Rodney Randall agreed to furnish Moran with weekly reports setting forth the amounts of gross sales received by the Franchise Business during the previous week, as well as deposits and repair orders.

25. Under Section 15 of the Randall Franchise Agreement, Rodney Randall agreed to participate in and pay to Moran an ongoing monthly fee of $100.00 or at the discretion of Moran, an adjustable rate of no more than 1% of the gross receipts of the Franchise Business.

26. Under Section 25 of the Randall Franchise Agreement, Rodney Randall agreed to pay Moran all reasonable costs and expenses, including, but not limited to, attorney's fees and

court costs, incurred by Moran in connection with any legal proceedings involving the enforcement of the terms of and obligations arising under the Randall Franchise Agreement.

### RODNEY RANDALL TRANSFERS THE FRANCHISE BUSINESS TO JASON RANDALL

27. In or around February 2009, Rodney Randall contemplated retirement from the automotive repair business, and as a franchisee of Mr. Transmission.

28. On or around August 3, 2009, Rodney Randall, without the knowledge or consent of Moran, abandoned the Franchise Business and transferred assets of the Franchise Business to his son, David Jason Randall.

29. As a result of Rodney Randall's abandonment of the Franchise Business and unauthorized transfer of the Franchise Business to his son, Rodney Randall was subject to immediate termination by Moran pursuant to the terms of the Randall Franchise Agreement.

30. On or about August 3, 2009, Jason Randall began operating JRT at the same location as the Franchise Business and using the same equipment and assets of the Franchise Business.

31. On August 4, 2009, as a result of Rodney Randall's breach of the Randall Franchise Agreement, Moran terminated the Randall Franchise Agreement and notified Rodney Randall of the termination. In connection with the termination notice, Moran demanded that Rodney Randall immediately discontinue use of all Proprietary Marks and return certain manuals to Moran as required by the Randall Franchise Agreement.

32. As a direct and proximate result of Rodney Randall's breach of the Randall Franchise Agreement, Moran has been damaged in the amount of $253,240.83, representing the future royalty payments and Creative Marketing Fund payments Moran was to receive under the

Randall Franchise Agreement from August 5, 2009, through the remainder of the term of the Randall Franchise Agreement.

33. Rodney Randall has refused to remit payment on his outstanding balance due and owing under the Randall Franchise Agreement.

34. Rodney Randall's actions constitute a material breach of his obligations under the Randall Franchise Agreement.

### RODNEY RANDALL'S REFUSAL TO ASSIGN THE TELEPHONE NUMBERS

35. Since 1982, the telephone numbers (423) 624-6503, (423) 698-7870 (collectively, the "Telephone Numbers"), used in connection with the operation of the Franchise Business, have been advertised in the local telephone directory under Moran's federally registered Proprietary Marks. A true and correct copy of the 2009 - 2010 AT&T Yellow Pages telephone directory listing is attached as Exhibit "A"

36. Upon information and belief, Rodney Randall placed advertisements bearing the Proprietary Marks that are of an ongoing nature and continue even after the termination of the Randall Franchise Agreement. In particular, the local telephone directory will advertise the Telephone Numbers under Moran's federally registered Proprietary Marks until July, 2010 and consumers may reference that telephone directory for years to come.

37. Because the Telephone Numbers are used in various ongoing advertisements, such as the Yellow Pages, featuring the Proprietary Marks, on August 4, 2009, Moran requested that Rodney Randall assign the right to the Telephone Numbers to Moran so that persons viewing the advertisements containing the Proprietary Marks would not be confused about Rodney Randall's

relationship with Moran and so that Moran could forward any calls received to its next neareast franchisee in Soddy-Daisy, Tennessee.

38. Section 24 of the Randall Franchise Agreement requires Rodney Randall, upon termination or expiration of the Randall Franchise Agreement, to discontinue use of Moran's tradename, trademark and service mark and return all confidential trade secrets, training manuals, signs, structures, fixtures, equipment, literature of any kind, advertising material and stationary used in connection with the operation of the Franchise Business as a Mr. Transmission franchise (the "Proprietary Materials").

39. Section 24 of the Randall Franchise Agreement requires Rodney Randall, upon termination or expiration of the Randall Franchise Agreement, to execute such documents and take such action as Moran shall deem reasonably necessary or desirable to demonstrate the fact that Rodney Randall has ceased using the trade marks and otherwise terminated Rodney Randall's rights under the Randall Franchise Agreement.

40. Rodney Randall refused Moran's request to assign the Telephone Numbers to Moran in violation Section 24 of the Randall Franchise Agreement.

41. After Rodney Randall refused to assign the telephone numbers to Moran, Moran contacted the telephone company to acquire the Telephone Numbers.

42. The telephone company informed Moran that the Telephone Numbers were not available for acquisition because the Telephone Numbers were assigned by Rodney Randall to his son Jason Randall and that Jason Randall obtained the telephone company's agreement to place a "hold" on the Telephone Numbers so that they could not be acquired by third parties.

43. As a result, if a potential customer views Rodney Randall's advertisement bearing the Mr. Transmission Proprietary Marks and tries to call the Telephone Numbers, the potential

customer will be informed by the automated message that the Telephone Numbers have been disconnected.

44. As a result of the foregoing, potential customers are likely to be confused by Rodney Randall's ongoing advertisements and Jason Randall's actions in causing a situation whereby the telephone company's automated message informs callers using the advertisements that the Telephone Numbers have been disconnected. This situation reflects poorly on the remaining Mr. Transmission Service Centers in the locale and otherwise and is likely to cause damage to the Proprietary Marks and the business of Moran's remaining franchisees.

45. As a result of the existence of Rodney Randall's ongoing advertisements bearing the Proprietary Marks and the Telephone Numbers and as a result of Rodney Randall's refusal to assign the Telephone Numbers to Moran, Rodney Randall is in breach of his obligations under Section 24 of the Randall Franchise Agreement and Jason Randall has infringed upon the Proprietary Marks.

### JASON RANDALL'S TRADEMARK INFRINGMENT THROUGH THE YAHOO! LOCAL ADVERTISING PROGRAM

46. Despite the fact that the Randall Franchise Agreement has been terminated and that Rodney Randall and Jason Randall have no right to continue to use the Proprietary Marks, Jason Randall continues to capitalize on the "Mr. Transmission" name and associated goodwill through advertisements placed through the Yahoo! Local advertising program ("Yahoo! Local").

47. Yahoo! Local is an advertising program on the Internet that allows "Category Sponsors" to advertise their business on the Yahoo! Search engine. Yahoo! users can access the Yahoo! Local search through a tab on Yahoo!'s main webpage engine located at www.yahoo.com or directly at http://local.yahoo.com.

48. Jason Randall is a Category Sponsor for the Yahoo! Local search term "Mr. Transmission" in Chattanooga, Tennessee. Specifically, Jason Randall purchased from Yahoo! the right to have his business listing appear in a premium location at the top of the search results when Yahoo! Local users search for an authorized "Mr. Transmission" shop in the Chattanooga, Tennessee area.

49. A true and correct copy of the Yahoo! Local search results for the query "Mr. Transmission" in Chattanooga, Tennessee showing Jason Randall's Category Sponsor listing is attached as Exhibit "B." (Captured on September 2, 2009 at http://local.yahoo.com/results?p=%22mr.+transmission%22&csz=chatanooga+tn&toggle=1&cop=mss&ei=UTF-8&fr=yfp-t-832).

50. In addition to Jason Randall's use of Moran's trademark "Mr. Transmission" as part of his Yahoo! Local advertising campaign, Jason Randall's business listing (the "Business Listing") for the Category Sponsor search result includes a reference to "Related Web Sites: National Home Page." A user that clicks on the "National Home Page" link in the Business Listing is directed to Moran's web site located at www.mrtransmission.com thereby giving the Yahoo! user the further impression that Jason Randall is affiliated with Moran and the "Mr. Transmission" business. A true and correct copy of the Business Listing as of September 4, 2009 is attached as Exhibit "C". (Captured on September 2, 2009 at http://local.yahoo.com/info-14962046-jason-randall-transmissions-chattanooga;_ylt=AipRJr5JQuaB6C3.raQyFkSHNcIF;_ylv=3?csz=Chattanooga%2C+TN).

51. The Business Listing also references a "nationwide" warranty. This reference is misleading because Jason Randall does not operate on a nationwide basis and consumers are likely to assume that JRT is affiliated with the nationwide Mr. Transmission franchise system.

## COUNT I – BREACH OF RANDALL FRANCHISE AGREEMENT
### (as to defendants MTC and Rodney Randall)

52. Paragraphs 1 through 51 above are incorporated by reference as if set forth at length herein.

53. Defendants Rodney Randall and MTC failed and refused and continue to fail and refuse to pay Creative Marketing Fund payments due and owing Moran pursuant to the Randall Franchise Agreement through August 4, 2009, in the amount of $8,900.00.

54. As a direct and proximate result of the Defendants' abandonment of the Franchise Business, Moran has been damaged in the amount of $253,240.83, which represents the future royalty payments and Creative Marketing Fund payments from August 5, 2009, through the remainder of the term of the Randall Franchise Agreement.

WHEREFORE, plaintiff, Moran Industries, Inc. demands judgment against Mr. Transmission of Chattanooga, Inc. and Rodney B. Randall, jointly and severally, in the amount of $264,018.36 plus interest, costs, attorney's fees and any other relief that this Court deems just.

## COUNT II – LANHAM ACT – TRADEMARK INFRINGEMENT
### (as to defendant Jason Randall)

56. Paragraphs 1 through 55 are hereby incorporated by this reference as if set forth at length herein.

57. Jason Randall's unauthorized use of Moran's Proprietary Marks in connection with the operation of JRT, including use of the Yahoo! Local advertising program, the use of the www.mrtransmission.com link in the Business Listing, and the failure to transfer the Telephone Numbers to Moran, and the usurpation of the Telephone Numbers contained in the telephone advertisements bearing the Proprietary Marks constitutes infringement of federally registered service marks and trademarks in violation of 15 U.S.C. §§ 1114 and 1125.

58. Jason Randall has actual notice of his violation and infringement of the Proprietary Marks and has constructive notice of Moran's rights in the Proprietary Marks and the registrations thereof pursuant to 15 U.S.C. § 1072, and his continued infringement is willful and deliberate.

59. As a direct and proximate result, Moran has suffered damage to its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill by Jason Randall's continued use of the Proprietary Marks and Telephone Numbers in the operation of Jason Randall's Transmission and will cause Moran irreparable injury in that Moran will have difficulty franchising JRT's trading area; business will be diverted from Moran and its authorized franchisees in the trading area; Moran's goodwill and reputation among its customers will be tarnished; the goodwill related to Moran's Proprietary Marks and business system will be diluted and taken from Moran's control; and Moran will lose profits and revenues which, because of Jason Randall's conduct, cannot be readily calculated.

60. Unless Jason Randall's acts of trademark infringement are restrained and enjoined, Moran will be seriously and irreparably damaged.

WHEREFORE, plaintiff, Moran Industries, Inc., demands that:

A. Jason Randall and his agents, servants and employees, and those people in active concert or participation with them be enjoined from:

(1) Using Moran's Proprietary Marks including the use of the Telephone Numbers advertised in connection with the Proprietary Marks in any competing business;

(2) Infringing upon the Proprietary Marks or using any similar designation, alone or in combination with any other components;

  (3) Passing off any of their services as those of Moran or its authorized franchisees;

  (4) Causing the likelihood of confusion or misunderstanding as to the source or sponsorship of their business or services; and

  (5) Causing the likelihood of confusion or misunderstanding as to their affiliation, connection or association with Moran and its franchisees or any of Moran's services;

B. An order requiring Jason Randall to immediately assign the Telephone Numbers to Moran and restraining Jason Randall from using the Telephone Numbers.

C. An order requiring Jason Randall to immediately turn over to Moran all Operation Manuals, records, files, instructions, correspondence, all materials related to the operation of MTC and Rodney Randall's former Mr. Transmission franchise including, without limitation, all brochures, agreements, and any and all other materials relating to the operation of the Franchise Business in Jason Randall's possession, custody or control;

D. Judgment against Jason Randall in a sum in excess of $75,000, plus interest, costs and attorneys' fees, as well as any other relief as this Court deems just;

E. An accounting of and a judgment in favor of Moran against Jason Randall for the profits to which Moran may be entitled;

F. Treble damages pursuant to 15 U.S.C. §1117;

G. Punitive damages;

H. Attorneys' fees pursuant to 15 U.S.C. §1117;

I. Costs of this action; and

  J.  Such further relief as this Court deems just and proper.

Dated:  September 8, 2009

                 Respectfully submitted,

                    s/Winkle Hong
                 Winkle Hong
                 Moran Industries, Inc.
                 4444 W. 147th Street
                 Midlothian, Illinois 60445
                 (708) 389-5922 phone
                 (708) 389-5948 fax
                 whong@moranindustries.com
                 ARDC #628489

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MORAN INDUSTRIES, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | |
| MR. TRANSMISSION OF CHATTANOOGA, ) | |
| INC., RODNEY B. RANDALL, ) | |
| DAVID JASON RANDALL d/b/a ) | |
| JASON RANDALL'S TRANSMISSION ) | |
| SERVICE ) | |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFF'S NOTIFICATION OF AFFILIATES

Pursuant to Federal Rule of Civil Procedure 7.1 and L.R. 3.2, Plaintiff hereby disclose the following Affailiates: None.

Dated: September 8, 2009

Respectfully submitted,

___s/Winkle Hong_____
Winkle Hong
In-House Counsel
Moran Industries, Inc.
4444 W. 147th Street
Midlothian, Illinois 60445
(708) 389-5922 phone
(708) 389-5948 fax
whong@moranindustries.com
Attorney ARDC #6284890

1