UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MORAN INDUSTRIES, INC., <br> Plaintiff <br><br> v. <br><br> MR. TRANSMISSION OF <br> CHATTANOOGA, INC., <br> RODNEY B. RANDALL, <br> And <br> DAVID JASON RANDALL, d/b/a <br> JASON RANDALL'S <br> TRANSMISSION SERVICE, <br> Defendants | Civil Action <br><br> File Number 09 CV 5563 |

## BRIEF IN SUPPORT OF MOTION TO DISMISS

### Introduction

Based on the undisputed facts that the individual Defendant David Jason Randall ("Randall") is a resident of the State of Georgia, he has no contractual or legal ties to Plaintiff and there are no other minimum contacts with the State of Illinois, he is seeking this Court's Order dismissing the action on the grounds the District Court for the Northern District of Illinois lacks personal jurisdiction over this Defendant, venue is improper within the Northern District of Illinois and Illinois is an inconvenient forum for the trial of this case.[1]

### Facts

As alleged both in Plaintiff's Complaint and Randall's Affidavit, Randall is a resident of Georgia and operates a small automotive repair shop in neighboring Chattanooga, Hamilton County, Tennessee. More importantly, Randall does not transact business in Illinois, has never travelled to or been physically present in

---

[1] Randall concedes there is complete diversity between the parties, 28 USCA§ 1331, and the District Courts have exclusive jurisdiction in trademark infringement cases, 28 USCA§ 1338.

Illinois, he owns no real property in Illinois, he has acquired no assets or things of value in Illinois, he has not committed any tort in Illinois, and he was not served with process in Illinois. Moreover, a fair reading of Plaintiff's complaint fails to allege or disclose a single act or omission otherwise connected with the State of Illinois.

### Argument.

### I

### This Court lacks personal jurisdiction of Defendant Randall

Personal jurisdiction of a Defendant is a fundamental concept of American jurisprudence, and the failure of any Court to acquire personal jurisdiction is fatal to a claim.

> "Personal jurisdiction, too, is 'an essential element of the jurisdiction of a district ... court,' without which the court is 'powerless to proceed to an adjudication.' *Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382, 57 S.Ct. 273, 81 L.Ed. 289 (1937)." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584; 119 S.Ct. 1563 (U.S.Tex.,1999).

In a recent case arising here in Illinois, the Seventh Circuit held:

> "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. '[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.' *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-445, 66 S.Ct. 242, 245-246, 90 L.Ed. 185 (1946). Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship

2

between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant." *GCIU-Employer Retirement Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1024; (C.A.7 (Ill.), 2009).

Rule 4 of the Federal Rules of Civil Procedure provides, in relevant part:

". . . (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

**(A)** delivering a copy of the summons and of the complaint to the individual personally;

**(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. . .

"(k) Territorial Limits of Effective Service.

(1) *In General.* Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:

3

> (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located;
>
> (B) who is a party joined under Rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued; or
>
> (C) when authorized by a federal statute."

None of the statutes cited by Plaintiff provide for nationwide service of process on Randall. See *15 USCA§§ 1072, 1114 and 1121*. In the absence of specific authority for extraterritorial service, the District Court must look to the long-arm statute of the State where the action is filed. In relevant part the Illinois statute provides:

> "§ 2-209. Act submitting to jurisdiction--Process. (a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:
>
> (1) The transaction of any business within this State;
>
> (2) The commission of a tortious act within this State[2];
>
> (3) The ownership, use, or possession of any real estate situated in this State; . . .

---

[2] Randall's understanding of Plaintiff's case is that Randall may have tortiously interfered with Plaintiff's business opportunities in Tennessee. However, insofar as Plaintiff alleges its financial fortunes have somehow been damaged by Randall's conduct, this provides no independent basis for this Court's exercise of jurisdiction because: ". . . bad financial consequences for a firm in Illinois do not amount to a tort in Illinois. *Green v. Advance Ross Electronics Corp.*, 86 Ill.2d 431, 56 Ill.Dec. 657, 427 N.E.2d 1203 (1981); *Talbert & Mallon, P.C. v. Stokes Towing Co.*, 213 Ill.App.3d 992, 157 Ill.Dec. 750, 572 N.E.2d 1214 (5th Dist.1991).

4

> (7) The making or performance of any contract or promise substantially connected with this State; . . .
>
> (10) The acquisition of ownership, possession or control of any asset or thing of value present within this State when ownership, possession or control was acquired; . . .
>
> (c) A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States.
>
> (d) Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this Section, may be made by personally serving the summons upon the defendant outside this State, as provided in this Act, with the same force and effect as though summons had been personally served within this State. . . .
>
> ***(f) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him or her is based upon subsection (a).***
>
> (g) Nothing herein contained limits or affects the right to serve any process in any other manner now or hereafter provided by law." (Emphasis supplied.)
>
> *§ 735 ILCS 5/2-209.*

> "In summary, the District Court may not exercise jurisdiction over [Randall] without authorization to serve process. That authorization is not found in either the [Lanham Act, *15 USCA§ 1072, 1114 or 1121*] or the [Illinois] long-arm statute to which we look under Rule 4(e)." *Omni Capital Intern.,*

5

*Ltd. v. Rudolf Wolff & Co., Ltd.* 484 U.S. 97, 111; 108 S.Ct. 404 (U.S. La., 1987).

*In the recent case of Moran Industries, Inc. v. Higdon, et al. (N.D. Illinois, No. 07 C 6092, Guzman, J.), this Court determined that since the acts giving rise to Moran's claims of trademark infringement did not occur in Illinois, but in Kentucky, "The focus of our venue inquiry in a Lanham Act trademark infringement case is the location where the unauthorized passing off takes place. . . [Cit.]" This Court went on to hold that, since the Northern District of Illinois ". . . is plainly not the right venue for these claims. . ." the Court would reverse the traditional order of considering first personal jurisdiction and then venue and address only Defendant's Motion to Dismiss for lack of proper venue.*

II

**Venue is improper in the Northern District of Illinois**

Much of what was said above applies to venue as well. Additionally, a specific venue statute regulates venue in trademark infringement cases:

> "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found." *28 USCA§ 1400(a)*

Again, Randall resides in Georgia, process was delivered to him in Tennessee, he has no other commercial ties or minimum contacts with the State of Illinois, *and any alleged Lanham Act violations occurred in Tennessee.* Therefore, venue is improper in Illinois. *See* Moran Industries, Inc. v. Higdon et al.*, supra., and cases cited.*

III

## The Northern District of Illinois is an inconvenient forum

Pretermitting any issues regarding jurisdiction and venue, Illinois is an inconvenient forum for Randall. As the Complaint recites, both Randall and the Codefendant live in Tennessee, the Codefendant has (had) a contractual relationship with Plaintiff that arose in Tennessee, Codefendant operated a business in Tennessee before retiring, and any evidence pertaining to local advertising and the availability of business opportunities and market share would obviously only be available in Tennessee.

> "A federal court has discretion to dismiss on *forum non conveniens* grounds 'when an alternative forum has jurisdiction to hear [the] case, and ... trial in the chosen forum would establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiff's convenience, or ... the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems.' " *American Dredging Co. v. Miller,* 510 U.S. 443, 447-448, 114 S.Ct. 981, 127 L.Ed.2d 285; *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.,* 549 U.S. 422, 423-425; 127 S.Ct. 1184 (U.S., 2007).

## Conclusion

For the reasons set out herein, Defendant David Jason Randall requests this case be dismissed as to him.

Respectfully submitted,

*/s/ James A. Meaney, III*
**James A. Meaney, III**
Attorney for the Defendant
David Jason Randall
Georgia Bar Number 500491

PERROTTA, CAHN & PRIETO, P.C.
319 North Selvidge Street
Dalton, GA 30720-3108
678-792-2267
706-275-6076 Facsimile
jam@perrottalaw.com

**Certificate of Service**

I certify that I have this day electronically filed a complete and accurate copy of the foregoing pleading with the Clerk of this Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties and counsel of record indicated on the electronic filing receipt and the parties may access this filing through the Court's electronic filing system. All additional counsel and unrepresented parties will be served by hand delivery, statutory overnight delivery, facsimile or e-mail transmission, or by depositing a complete and accurate copy of the foregoing pleading in the United States Mail with sufficient postage affixed thereon to carry same to its destination.

Mr. Winkle Hong, Esq.
Moran Industries, Inc.
4444 West 147th Street
Midlothian, IL 60445

Mr. Rodney P. Randall
1858 Rivergate Terrace
Soddy Daisy, TN 37379

This 15th day of October, 2009.

*/s/ James A. Meaney, III*
**James A. Meaney, III**