# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MORAN INDUSTRIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 09 CV 5563 |
| | ) |
| MR. TRANSMISSION OF | ) |
| CHATTANOOGA, INC., RODNEY B. | ) **Judge John W. Darrah** |
| RANDALL, and DAVID JASON | ) |
| RANDALL, d/b/a JASON RANDALL'S | ) |
| TRANSMISSION SERVICE, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS, RODNEY B. RANDALL AND MR. TRANSMISSION OF CHATTANOOGA, INC.'S RULE 12(B)(2) AND (3) MOTION TO DISMISS COUNT I OF PLAINTIFF'S COMPLAINT

NOW COME Defendants, Rodney B. Randall and Mr. Transmission of Chattanooga, Inc., by and through their attorneys, Leahy, Eisenberg & Fraenkel, Ltd., and for their Motion to Dismiss Count I of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3), state as follows:

### FACTUAL BACKGROUND

On September 8, 2009, Plaintiff, Moran Industries, Inc. ("Moran"), filed the instant action against Mr. Transmission of Chattanooga, Inc. ("MTC"), Rodney B. Randall and David Jason Randall, d/b/a Jason Randall's Transmission Service. Moran is the franchisor of specialized transmission service centers known as "Mr. Transmission Service Centers." (Compl. ¶8). On June 1, 1982, Rodney Randall executed a License Agreement with Mr. Transmission, Inc., a Tennessee corporation at the time of execution, which later assigned the License Agreement to Moran on or about August 19, 1990. (*Id.* ¶19). A copy of the License

Agreement is attached as Exhibit A. After execution of the License Agreement, Randall began operating MTC, a Mr. Transmission franchise, in Chattanooga, Tennessee. (Compl. ¶16).

Count I of the Complaint alleges breach of contract against Rodney Randall and MTC under the License Agreement. (*Id*. ¶¶52-54). Specifically, Moran alleges that Randall improperly abandoned and transferred MTC to Jason Randall, who thereafter operated a different transmission business at the same facility in Chattanooga, Tennessee. (*Id*. ¶¶28-29). Moran further alleges that Rodney Randall refused to assign MTC's local telephone numbers to Moran and continued to advertise the telephone numbers along with Moran's "proprietary marks" in the local telephone directory. (*Id*. ¶¶35-36). Finally, Moran alleges that Rodney Randall failed to pay certain funds due and owing under the License Agreement. (*Id*. ¶53). Count II of the Complaint alleges trademark infringement against Jason Randall and is not directed against Rodney Randall and MTC. (*Id*. ¶¶56-60).

In support of this motion, Defendants have attached as Exhibit B the Affidavit of Rodney Randall, the owner and president of MTC. Rodney Randall presently resides at 1858 Rivergate Terrace, Soddy Daisy, Tennessee 37379, and has continuously resided in Tennessee since March, 1982. (Ex. B, ¶1-2). At no time has Rodney Randall resided in or even visited the State of Illinois. (*Id.*, ¶3). Further, MTC is a Tennessee corporation which, since its inception, has maintained its only place of business at 2022 East 23rd Street, Chattanooga, Tennessee 37404. (*Id.*, ¶4). Aside from the royalty payments sent to Moran, neither Rodney Randall nor MTC have ever conducted business in the State of Illinois or with any Illinois residents or corporations. (*Id.*, ¶¶5-6).

For the reasons set forth below, the Northern District of Illinois is an improper venue for Moran's claims against Rodney Randall and MTC and this Court cannot properly exercise

2

personal jurisdiction over Rodney Randall and MTC. As a result, this matter should be dismissed pursuant to Rule 12(b)(2) and (3).

## ARGUMENT

### A.
### The Northern District of Illinois is not a proper venue for Moran's claims against Rodney Randall and MTC.

Moran alleges that the Northern District of Illinois is the proper venue for its claims because "a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district." (Compl. ¶7); *see also* 28 U.S.C. § 1391(a)(2) (venue is proper in "a judicial district in which a substantial part of the acts or omissions giving rise to the claim occurred"). The venue standard set forth in 28 U.S.C. § 1391(a)(2) was recently considered by this Court in *Moran Industries, Inc. v. Higdon*, 2008 WL 4874114 (N.D. Ill.).

Similar to the case at bar, in *Higdon*, Moran brought suit against several former Mr. Transmission franchisees located in Tennessee, Kentucky and Indiana. *Id.* at *1. Moran sought recovery against the defendants under several theories, including breach of the franchise agreements, tortious interference and trademark infringement. *Id.* at *3. The defendants moved to dismiss for lack of personal jurisdiction and improper venue. *Id.* The following connections to the State of Illinois were established during limited discovery conducted by the parties on the issues of jurisdiction and venue: (1) the franchise agreements were "finalized" in Illinois; (2) the individual defendants attended training in Illinois; and (3) the defendants sent weekly royalty payments and reports to Moran in Illinois. *Id.* at *4-5.

Regarding the propriety of venue, the Court initially commented that for breach of contract claims, "the Court considers a number of factors 'including where the underlying

3

breach occurred and where performance under the contract was to take place' to determine where a substantial part of the acts giving rise to the claim occurred." *Id.* at *5 (*quoting PKWare, Inc. v. Meade*, 79 F.Supp.2d 1007, 1016 (E.D. Wis. 2000)). The Court noted that although the franchise agreements were "finalized" in Illinois, the franchise agreements were executed in Tennessee and the franchise businesses were operated in Tennessee and Kentucky. *Id.* Further, the defendants' alleged failure to remit payments to Moran, which formed the basis of Moran's breach of contract claims, occurred in Tennessee and Kentucky. *Id.* Considering these facts, the Court concluded that "though some events related to the contract occurred in Illinois, and plaintiff may have felt the impact of the alleged breaches here, Illinois is not where a substantial part of the events underlying the contract claims occurred." *Id.* As a result, the Court held that the Northern District of Illinois was not the proper venue for Moran's contract claims against the defendants. *Id.*

There are several factual similarities between *Higdon* and the case at bar. Similar to the *Higdon* franchises, MTC operated solely in Tennessee and did not conduct business in Illinois. (Ex. B, ¶¶5-6). Further, the conduct which Moran has alleged breached the License Agreement – failure to remit royalty payments, unauthorized transfer and abandonment of MTC, failure to assign MTC's telephone numbers and use of Moran's proprietary marks in local advertising – occurred solely in Tennessee. (Compl. ¶¶28-29, 35-36, 53).

If anything, the facts of the instant action present a more compelling case for dismissal under Rule 12(b)(3) than *Higdon*. Unlike the individual defendants in *Higdon*, Rodney Randall has never attended training or been physically present in Illinois. (Ex. B, ¶2). Further, while the *Higdon* defendants entered into their franchise agreements directly with Moran, Rodney Randall's original License Agreement was entered into with Mr. Transmission, Inc., a

4

Tennessee corporation which operated out of Nashville, Tennessee, and was "finalized" in Tennessee:

> 32. <u>APPLICABLE LAW</u>. The parties have finalized this agreement within the State of Tennessee, and agree that this contract and their actions hereunder shall be governed by and construed in accordance with the laws of the State of Tennessee.

(Ex. A, ¶32). Aside from the fact that the alleged unpaid royalties should have been sent to Illinois, there are no facts which tie Moran's breach of contract claim against Rodney Randall and MTC to Illinois.

**B.**
**This Court lacks personal jurisdiction over Rodney Randall and MTC.**

Moran alleges that this Court has jurisdiction over Rodney Randall and MTC under 28 U.S.C. § 1332(a) because there is complete diversity and because the amount in controversy exceeds $75,000.00. (Compl. ¶5). The Court in *Higdon* also addressed the propriety of jurisdiction over the defendants, commenting that the exercise of personal jurisdiction was appropriate "if the defendant has sufficient 'minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" 2008 WL 4874114, *4 (*quoting Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). The Court noted that the defendants had executed their franchise agreements with Moran, an Illinois corporation, the franchise agreements stated that they were "finalized" in Illinois, the franchise agreements included an Illinois choice-of-law provision and the individual defendants testified that they had attended training in and sent royalty payments to Illinois. *Id*. at *4-5. Based on these facts, the Court concluded that the defendants had "continuous, substantive contact with Moran in [Illinois] … sufficient [to] justify this Court's exercise of jurisdiction over them." *Id*. at *5.

In contrast to the *Higdon* defendants, Randall has never attended training, or even been physically present, in Illinois. (Ex. B, ¶¶1-2). Further, Randall's License Agreement was entered into with a Tennessee corporation, was "finalized" in Tennessee and included a Tennessee choice-of-law provision. (Ex. A, ¶32). The sole similarity between Rodney Randall and MTC and the *Higdon* defendants is that Randall has submitted royalty payments to Moran in Illinois. Randall and MTC have not engaged in the same type of "continuous, substantive contact" as the *Higdon* defendants. To find personal jurisdiction in Illinois based solely on the submission of royalty payments would offend traditional notions of fair play and substantial justice as it cannot be reasonably said that Randall and MTC have purposefully availed themselves of the benefits and privileges of this state.

## CONCLUSION

Under 28 U.S.C. § 1391(a)(2), the Northern District of Illinois is not a proper venue for Moran's claim against Rodney Randall and MTC because a substantial part of the events or omissions giving rise to the claim did not occur in this judicial district. This Court also lacks personal jurisdiction over Rodney Randall and MTC as they have not had sufficient minimum contacts with Illinois. Consequently, Count I of the Complaint should be dismissed pursuant to Rule 12(b)(2) and (3).

WHEREFORE, Defendants, Rodney Randall and Mr. Transmission of Chattanooga, Inc., respectfully request that this Court enter an order dismissing Count I of Plaintiff's Complaint pursuant to Rule 12(b)(2) and (3), and for such further relief as this Court deems just and appropriate.

Respectfully submitted,

LEAHY, EISENBERG & FRAENKEL, LTD.

    /s/ James J. Sanders
    James J. Sanders

Howard B. Randell (ARDC # 06204957)
James J. Sanders (ARDC # 06290660)
LEAHY, EISENBERG & FRAENKEL, LTD.
*Attorneys for Defendants, Rodney B. Randall and*
*Mr. Transmission of Chattanooga, Inc.*
33 West Monroe, Suite 1100
Chicago, Illinois 60603
Phone: (312) 368-4554
Fax:    (312) 368-4562
Atty. Code: 6204957

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 27, 2009, the foregoing was filed electronically with the Clerk of the Court for the United States District Court for the Northern District of Illinois.

/s/ James J. Sanders

F:\Case\199819\13644\MOTION TO DISMISS.doc