

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09-cv-5563 | **DATE** | 2/9/10 |
| **CASE TITLE** | Moran Industries, Inc. v. Mr. Transmission of Chattanooga, Inc. et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion to Transfer [24] is granted. Defendants' separate motions to dismiss [10, 16] are denied as moot. The status hearing scheduled for 2/25/10 is vacated. This case is hereby transferred to the United States District Court for the Eastern District of Tennessee.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

   Plaintiff, Moran Industries, Inc. ("Moran"), is an Illinois corporation, engaged in business as a franchisor of Mr. Transmission Service Centers. Moran owns trademarks, service marks, and copyrights associated with the "Mr. Transmission" name. On or about August 14, 1990, Moran became the assignee of a Franchise Agreement between Mr. Transmission, Inc. (not a party) and Defendant Rodney Randall, through Randall's company, Mr. Transmission of Chattanooga ("MTC") (also a defendant). MTC consented to that assignment in 1999; and on or around June 25, 2002, MTC renewed the Franchise Agreement with Moran for an additional twenty years. Under the terms of the Franchise Agreement, Moran retained ownership of all proprietary marks; and MTC was obligated to furnish Moran with weekly sales reports, a monthly fee, and weekly royalty payments.
   On or about August 3, 2009, Rodney Randall, without the knowledge or consent of Moran, allegedly abandoned the MTC business and transferred MTC assets to his son, Jason Randall, who used those assets to operate a transmission service center under the name "Jason Randall's Transmission Service" in Chattanooga. On August 4, 2009, Moran terminated the Franchise Agreement and demanded that Rodney Randall immediately discontinue use of all proprietary marks and return certain materials to Moran. Moran also requested that Rodney Randall assign MTC's telephone numbers to Moran.
   On September 8, 2009, Moran filed a two-count Complaint. Count I alleges that Rodney Randall and MTC breached the Franchise Agreement by abandoning the franchise business and that Moran suffered damages in the form of lost royalty revenue. Count II alleges that Jason Randall, d/b/a Jason Randall's Transmission Service, has infringed, and continues to infringe, Moran's proprietary Mr. Transmission marks in connection with the operation of Jason Randall's Transmission Service.
   MTC moved to dismiss Count I for lack of personal jurisdiction and improper venue. Jason Randall, d/b/a Jason Randall's Transmission Service, separately moved to dismiss Count II for lack of personal jurisdiction, improper venue, and *forum non conveniens*. Moran did not file a response to either motion. Instead, Moran moved to transfer this action to the Eastern District of Tennessee.

## STATEMENT

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Transfer is appropriate when venue is improperly laid. *In re Limitone, LLC*, 551 F.3d 572, 575 (7th Cir. 2008). Section 1406 was designed to avoid "time-consuming and justice-defeating technicalities" associated with dismissals based on improper venue. *De la Fuente v. Interstate Commerce Comm'n*, 451 F. Supp. 867, 872 (N.D. Ill. 1978) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)).

Both Defendants assert that they have insufficient contacts with Illinois to support an exercise of personal jurisdiction by this Court and that the Northern District of Illinois is not a proper venue for Moran's claims. Rodney Randall resides in Soddy Daisy, Tennessee (in the Eastern District of Tennessee); and his company, MTC, is a Tennessee corporation, which maintains (or maintained) its business in Chattanooga, Tennessee (also in the Eastern District). Rodney Randall and MTC were both served in Soddy Daisy. Jason Randall lives in Georgia and operates Jason Randall's Transmission Service in Chattanooga, Tennessee. He was personally served in Chattanooga. The only thing connecting Defendants to this forum appears to be the fact that MTC assigned an existing agreement to an Illinois company and mailed its sales reports and royalty payments to Moran's Illinois address. But the mere fact that Moran was supposed to receive royalty payments in the forum state is not sufficient to support a finding of proper venue. *See Moran Indus., Inc. v. Higdon*, No. 07 C 6092, 2008 WL 4874114, at *5 (N.D. Ill. June 26, 2008) (dismissing case for improper venue after finding that the defendant's failure to send contractual payments to the plaintiff in Illinois did not make venue proper in Illinois).

At any rate, Moran does not genuinely dispute Defendants' motions. Moran simply offers conclusory assertions that venue is proper in this district and then concedes that it would be more appropriate to maintain this action in Tennessee. (*See* Pl. Opp'n Br. ¶ 9 ("While the Plaintiff submits that this Court has personal jurisdiction over each of the Defendants and that the Northern District of Illinois is a proper venue for the adjudication hereof, the Plaintiff hereby proffers that . . . this cause should be transferred.").)

Although Moran does not present any argument as to why the interests of justice specifically warrant transfer rather than dismissal, all parties appear to agree that Tennessee is the proper venue for this case. Therefore, Moran's Motion is granted; this action is hereby transferred to the United States District Court for the Eastern District of Tennessee. Defendants' separate Motions to Dismiss are denied as moot.